# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROBIN ANN PERFINSKI,** | : CIVIL ACTION NO. 1:17-CV-1316 |
| **Plaintiff** | : |
| v. | : |
| **NANCY A. BERRYHILL, Acting Commissioner of Social Security,** | : |
| **Defendant** | : |

## ORDER

AND NOW, this 21st day of March, 2019, upon consideration of the report (Doc. 27) of Magistrate Judge William I. Arbuckle, recommending that the court vacate the decision of the administrative law judge ("ALJ") denying the application of Robin Ann Perfinski ("Perfinski") for disability insurance benefits and remand this matter to the Acting Commissioner of Social Security ("Commissioner") for further proceedings, and noting that the Commissioner has filed objections (Doc. 28) to the report, see FED. R. CIV. P. 72(b), and that Perfinski filed a response (Doc. 33) thereto, and following *de novo* review of the contested portions of the report, see E.E.O.C. v. City of Long Branch, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)), and affording "reasoned consideration" to the uncontested portions, see id. (quoting Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987)), the court being in agreement with Judge Arbuckle that the ALJ's decision is not supported by substantial evidence, see 42 U.S.C. § 405(g); Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001), concluding that remand is appropriate for the ALJ to properly

evaluate the medical opinion evidence of record,[1] and accordingly finding the Commissioner's objection to be without merit, it is hereby ORDERED that:

---

[1] Although we agree with the magistrate judge's recommendation that this matter be remanded, we do so for a different reason. The magistrate judge opines that the ALJ erred by formulating a residual functional capacity ("RFC") for Perfinski which is untethered to, and less restrictive than, every medical opinion of record. We are inclined to agree but need not reach this issue, because we find that the ALJ erred in a more significant fashion, by failing to adequately explain his decision to assign "limited weight" to the medical opinions offered by three treating physicians. A treating physician's opinion is entitled to "controlling weight" when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "is not inconsistent with the other substantial evidence" in the record. 20 C.F.R. § 404.1527(d)(2); see also Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000). Three treating physicians offered medical source opinions concluding that Perfinski's degenerative disc disease of the lumbar spine results in functional limitations. Dr. Tolan, a treating physiatrist, opined that Perfinski should "try to avoid . . . repetitive lifting from low levels, twisting[,] and bending," (Tr. at 203), and that a physically demanding position, such as her then-current job, would tend to aggravate the lumbar disc degeneration, (id. at 206). Dr. Fisher, a treating primary care physician, opined that Perfinski should be "excused from bending and lifting." (Id. at 305; see id. at 311, 316). Dr. Werner, another treating primary care physician, opined, *inter alia*, that Perfinski "cannot lift more than 10 lbs without any pain" and "cannot twist, bend, squat[,] or climb due to pain." (Id. at 341, 371). The ALJ largely rejected each of these opinions, assigning them limited weight and declining to incorporate the treating physicians' proposed limitations into the RFC. The ALJ offered cursory rationale for his decision, employing boilerplate language that the opinions are not supported by and are inconsistent with the medical evidence of record. As support for this alleged inconsistency, he states only that the opinions cannot be reconciled with Dr. Werner's statement that Perfinski "has a normal gait and no focal motor/sensory deficits" and the lack of a positive finding for back or neck issues during two acute office visits concerning a cold and shortness of breath. (Id. at 32, 440-54). The ALJ fails to meaningfully engage with the treating source opinions; to identify material discrepancies between the treating source opinions and the underlying, longitudinal medical records; to identify contradictory medical evidence; or to otherwise justify assigning limited weight to every treating source opinion of record as required under the law. Without the requisite explanation, we cannot assess whether the ALJ's decision to reject all three treating source opinions was supported by substantial evidence.

1. The Clerk of Court shall enter judgment in favor of Perfinski and against the Commissioner as set forth in the following paragraph.

2. The Commissioner's decision is VACATED and this matter is REMANDED to the Commissioner with instructions to conduct a new administrative hearing, develop the record fully, and evaluate the evidence appropriately in accordance with this order.

3. The Clerk of Court is directed to CLOSE this case.

    /S/ C<small>HRISTOPHER</small> C. C<small>ONNER</small>
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania